IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK H. BYRD                                                                                         PLAINTIFF

V.                              CIVIL ACTION NO. 2:15-CV-2043-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                                DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court notes the procedural history of this case, having been previously remanded for further development of the record concerning the Plaintiff's ability to perform sedentary work. Although the ALJ did order the consultative examination and RFC assessment as directed by this Court, the record still lacks substantial evidence to support a finding that the Plaintiff can perform sedentary work. Sedentary work requires the ability to sit for six hours in an eight-hour workday. Examining orthopedic consultant, Dr. Honghiran, opined the Plaintiff would be limited to four hours of sitting and non-examining consultant, Dr. Payne, limited the Plaintiff to sitting "about six" hours. The Court finds that clarification is needed regarding the Plaintiff's ability to sit, as it

is central to a finding that he can perform sedentary work. Accordingly, on remand, the ALJ is directed to recontact Dr. Honghiran for further clarification of the sitting limitation he has imposed and identification of the objective evidence supporting this limitation. In addition, the ALJ is directed to order a second consultative orthopedic examination, complete with an RFC assessment, to be conducted by an orthopedist, other than Dr. Honghiran.

The ALJ is further directed to reconsider the RFC, in light of the new evidence obtained, and formulate appropriate hypothetical questions to the vocational expert in order to determine whether the Plaintiff is capable of performing work that exists in significant numbers in the national economy.

IT IS SO ORDERED AND ADJUDGED on this the 29th day of June, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE